## Case No. 1,527a.

### Ex parte BLANDY.

[Nowhere reported; opinion not now accessible.]

---

## Case No. 1,528.

### In re BLANDY.

[1 MacA. Pat. Cas. 552.]

Circuit Court, District of Columbia. Jan. Term, 1858.

PATENTS—IMPROVEMENT IN PORTABLE STEAM ENGINES— DOUBLE USE — SUFFICIENCY OF INVENTION.

[1. The application of a hollow bed-plate attached to a boiler and portable engine for the purpose of relieving the operative parts of the latter from the contraction and expansion of the boiler, and the boiler from the direct strain of the engine, is a mere colorable variation or double use of similar bed-plates in prior use, and is not patentable.]

[Cited in Smith v. Thomson, 38 Fed. 606.]

[2. The new application of the principle of an alleged invention, which has been discovered and applied before, is a double use.]

[3. Though the new application possess some degree of novelty, unless the new occasion on which the principle is applied leads to some kind of new manufacture or to some new result, it is but a double use.]

[4. If the same purpose has in other instances been accomplished by substantially the same means, the use of those means on a new occasion does not constitute a sufficiency of invention.]

[Appeal from the commissioner of patents.]

[Application by Henry and Frederick I. L. Blandy for a patent for an improvement in portable steam-engines. From a decision of the commissioner refusing the application, June 15, 1857, the applicants appeal. Affirmed.]

P. Hannay, for appellants.

MORSELL, Circuit Judge. The claim as amended is described in the following terms: "Having thus described our improvement, what we claim as new, and desire to secure by letters patent, is the application to portable steam-engines of a hollow bed-plate, in the manner substantially as described, for the support and attachment of the operative parts of the engine, whereby the latter in working is rendered independent of the contraction and expansion of the former, and the boiler relieved from the direct strain of the engine, as set forth." On the 15th of June, 1857, the commissioner says: "Your application for improvement in portable engines has been examined under rule 114, and a patent thereon refused."

Three reasons of appeal are assigned: First. Because the office has failed to give a reference showing the device applied in the same manner and for the same purposes as that claimed by the applicants. Second. Because the reference given to the engine described in Lardner, and shown in plate 12 of the same, cited in the commissioner's decision as an apposite reference, cannot be considered as a reference at all, as it is not used as a support for the working parts of the engine, but merely as a heater to economize the heat of the waste steam. Third. The opinion of the office, to wit, "the necessity for some provision to accommodate contraction and expansion in machines requiring an extended metallic surface, is so perfectly familiar to every good mechanic that no structure of such material that had to encounter great changes of temperature would be attempted without some such accommodating provision," cannot be considered as a just cause for refusing a patent to the applicants; as, first, the law does not recognize a necessity for the invention of a machine, &c., to effect a useful result, as a reason for refusing a patent on the same [when invented] [1]; and second, a mere belief or reason on the part of the office, without assigning proper references to substantiate the same, is not a reference, as contemplated by law, and hence is not a lawful reason for refusing the patent.

The commissioner states as the general ground for his decision "that, as in the construction of every character of steam-engine no more metal is used than in the sound judgment of the builder is required to give it strength and durability and adapt it to its particular position, it will readily be seen that the making of one part of the engine solid and another part hollow must be of common consideration, arising out of the various circumstances of locality, use, durability, and economy. Certain references have been given to this position which show, from an early date to the present time, that not only in portable but in all classes of steam-engines the hollow or tubular character of the structure has been made of importance, and such parts of the engine as were thus made have been used for various purposes; to show which, particular references are given to Lardner on the Steam-Engine, plate 12, p. 148, in 1802, where the hollow or tubular quality is fully employed, the tubular part of the structure serving to sustain the smoke-stack of the boiler, the exhaust pipe, and part of the valve gear, while it is made to serve the very useful purpose of a feed-water heater. In Repertory of Patents (2d S. vol. 2, p. 175) is shown an engine, the entire base of which is hollow and used as a water reservoir—invented in 1802. Herbert's Encyclopaedia (volume 2, p. 701) shows the hollow bed-plate used for two purposes, where compactness appears to have been a prominent intention of the inventor, two of the compartments being for the working cylinders and the third designed for the condenser." The commissioner then passes on to more recent dates, and says: "The references in the descriptive catalogue of the London exhibition (page 375) show portable en-

---

[1] [From 3 App. Com'r Pat. 77.]